IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELEANOR TURBERG,<br><br>    Plaintiff,<br><br>v.<br><br>SUNOCO, INC., *ET AL.*,<br><br>    Defendants. | Civ. Action No. 2:12-cv-03831-PD<br><br>Hon. Paul S. Diamond |

## APPLICATION TO MODIFY ORDER OF DISMISSAL

**I.     INTRODUCTION**

On October 3, 2012, this Court entered an "Order," dismissing this action with prejudice, pursuant to agreement of counsel, without costs. [Docket # 34]. Within ninety (90) days of any such order of dismissal, Local Rule of Civil Procedure 41.1(b), allows any party, for cause shown, to apply to the Court to vacate, modify or strike from the record any such order of dismissal for cause shown. L.R. 41.1.

On or around October 3, 2012, Counsel for the remaining parties informed the Court that they had settled the underlying claims to this action. On that same day, the Court executed and filed the Order. Having compromised Plaintiff's substantive claims, however, one issue remains. Under the substantial benefit doctrine, Plaintiff is entitled to apply to this Court for an award of attorneys' fees and reimbursement of out-of-pocket costs, relating to the supplemental disclosures Sunoco, Inc. ("Sunoco") provided in proxy materials to each of its shareholders as a direct result of this Action. For the following reasons, therefore, this Court should modify the

Order, retaining jurisdiction over this Action for the sole purpose of allowing Plaintiff to file and hearing her application for attorneys' fees and reimbursement of out-of-pocket expenses.

## II.     NATURE OF THE ACTION

This is an individual action under sections 14 and 20 of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§78n, 78t, and Rule 14a-9, promulgated thereunder. 17 C.F.R. §240.14a-9.  Plaintiff, a Sunoco shareholders, alleged that Defendants, including Sunoco and the members of its Board of Directors ("Board"), filed with the Securities and Exchange Commission ("SEC") proxy materials, seeking shareholder approval of the Agreement and Plan of Merger ("Merger Agreement") by and among Sunoco, Energy Transfer Partners, L.P. ("ETP"), Energy Transfer Partners GP, L.P., Sam Acquisition Corporation ("Merger Sub"), and, for limited purposes, Energy Transfer Equity, L.P. ("ETE").  Under the terms of the Merger Agreement, among other things, Merger Sub was to be merged with and into Sunoco, with Sunoco surviving the merger as a subsidiary of ETP ("Proposed Transaction).  The shareholder vote on the transaction occurred on October 5, 2012, achieving the necessary shareholder approval for the Proposed Transaction.

In her Complaint, Plaintiff claimed that the proxy materials Defendants disseminated to achieve shareholder approval misrepresented and omitted material facts, necessary to cast a fully informed vote on the transaction. [Docket #1].  After prolonged negotiations with counsel for Sunoco, Defendants agreed to, and did, issue supplemental disclosures, detailing – Plaintiff claims and Defendants vigorously deny – material issues relating to the background of the merger and the opinion of Sunoco's financial advisor.[1]  Plaintiff also claims – but Defendants

---

[1] *See* Current Report on Form 8-K, filed with the SEC on September 28, 2012. http://www.sec.gov/Archives/edgar/data/95304/000089882212000515/sun8-k.htm.

vigorously deny – that this Action was a substantial factor, causing Defendants to issue additional, material disclosures that supplemented the proxy materials.[2]

Having achieved among the most significant additional disclosures she sought, Plaintiff and Defendants settled this Action.  Counsel for Plaintiff and for Defendant Sunoco alerted the Court of that resolution, prompting this Court to issue the Order.  Thereafter, pursuant to Fed. R. Evid. 408, Plaintiff engaged in good faith negotiations with Defendants in an attempt to resolve the last remaining issue, relating to attorneys' fees and reimbursement of expenses to which Plaintiff is entitled under the substantial benefit doctrine.  Unfortunately, the parties were unable to resolve this issue prior to the expiration of the 90 day period during which Plaintiff may seek to modify the Order.  As such, Plaintiff hereby requests that this Court modify the Order, retaining jurisdiction solely for the purpose of hearing Plaintiff's application for attorneys' fees and reimbursement of out-of-pocket expenses.

## III.     SUFFICIENT CAUSE EXISTS FOR MODIFICATION OF THE ORDER

According to L.R. 41.1, this court may vacate, modify or strike from the record an order of dismissal "for cause shown," so long as a party files its application within ninety (90) days of the entry of such an order.  The Court filed the Order on October 3, 2012.  As such, Plaintiff has timely filed her application to modify the Order.

Plaintiff bears the burden of showing "sufficient cause" to modify the Order.  *Mood v. Encore Kitchen & Bath Distributors, Inc*., Civ. Action No. 10-83, 2011 U.S. Dist. LEXIS 5375, at *4 (E.D. Pa Jan. 20, 2011).  Retaining jurisdiction over remaining issues in a litigation, including "ensuring that the agreement is consummated and enforcing the agreement entered into by the," provides sufficient cause to modify and order of dismissal.  *Id*. at *5; *see also Morris v.*

---

[2] *See* Current Report on Form 8-K, filed with the SEC on September 25, 2012. http://www.sec.gov/Archives/edgar/data/95304/000089882212000501/sun8k.htm.

*Schemanski*, Civ. Action No. 07-2147, 2008 U.S Dist. LEXIS, at * 9-10 (E.D. Pa June 13, 2008). This is just the type of modification Plaintiff seeks.

Plaintiff does not seek to vacate or otherwise to reopen the substantive issues of this Action. Rather, Plaintiff seeks only to modify the Order for this Court to retain jurisdiction over the Action for the sole purpose of hearing Plaintiff's application for attorneys' fees and reimbursement of out-of-pocket expenses and to enforce any result thereof. Third Circuit law makes clear that a Plaintiff who achieves a substantial benefit on behalf of a corporation and its shareholders by prosecuting a claim under Section 14 of the Exchange Act may be entitled to recover her litigation-related attorneys' fees and costs from the corporation. *See In re Schering-Plough/Merck Litig.*, Civ. Action No. 09-CV-1099 (DMC), 2010 U.S. Dist. LEXIS 29121, at * 48-52 (D.N.J. Mar. 26, 2010) (applying common benefit doctrine to case achieving supplemental disclosures in merger proxy to shareholders and awarding a fee based thereon) (citations omitted).[3] Plaintiff will assert that she has conferred such a substantial benefit, entitling her to reimbursement of her attorneys' fees and out-of-pocket costs. Absent a modification of the Order, Plaintiff will suffer prejudice – as she will be unable to file her application for attorneys' fees and costs to which, she contends, she is entitled. This Court should avoid that outcome as it may directly contravene well-settled Third Circuit principles in cases under the Exchange Act and the rules promulgated thereunder.

---

[3] The *Schering Plough* court noted that cases under Rule 14a-9, relating to material omissions from proxy materials often provide a benefit, and, as such, "fees are regularly allowed for successful 14a-9 lawsuits." 2010 U.S. Dist. LEXIS at *48 (citing *Amalgamated Clothing & Textile Workers Union v. Wal-Mart Stores*, 54 F.3d 69, 72 (2d Cir. 1995); *Mills v. Elec. Auto-Lite Co.*, 396 U.S. 375, 396-97 (1970); *Pawlak v. Greenwalt*, 713 F.2d 972, 984 (3d Cir. 1983)).

## IV.     CONCLUSION

For the foregoing reasons, having shown sufficient cause, Plaintiff respectfully requests that this Court modify its October 3, 2012 Order of dismissal solely to allow Plaintiff to file an application for attorneys' fees and reimbursement of costs.

Dated:  January 2, 2013               Respectfully submitted,

/s/ Jacob A. Goldberg
Jacob A. Goldberg, Esq.
Email:  jgoldberg@faruqilaw.com
FARUQI & FARUQI, LLP
101 Greenwood Avenue, Suite 600
Jenkintown, PA 19046
Telephone:  (215) 277-5770
Facsimile:  (215) 277-5771

*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of January, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

/s/ Jacob A. Goldberg